IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01265-ZLW

COLLEEN J. PRIEBE,

    Plaintiff,

v.

FORMER PRESIDENT BUSH,
FORMER VICE-PRESIDENT CHANEY,
FORMER SEC. OF DEFENSE DONALD RUMSFELD,
FORMER DIRECTOR OF CIA GEORGE TENT,
FORMER U.S. ATTORNEY GENERAL ASHCROFT,
FORMER U.S. ATTORNEY GENERAL GONZALES, and
GOVERNOR RITTER OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 21 2010

GREGORY C. LANGHAM
CLERK

---

ORDER CONSTRUING LETTER AS A
MOTION TO RECONSIDER AND DENYING MOTION

---

On May 13, 2010, Plaintiff Colleen J. Priebe submitted a Letter to the Court. The Court must construe the Letter liberally because Ms. Priebe is proceeding *pro se. See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, therefore, will treat the Letter as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). For the reasons stated below the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

Ms. Priebe's Motion was filed well over twenty-eight days after the Court's Order of Dismissal was entered on July 15, 2009. Therefore, the Motion is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Ms. Priebe fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the Court finds that Ms. Priebe has failed to assert any extraordinary circumstances that would merit relief under Rule 60(b). Ms. Priebe is reminded that because the instant action was dismissed without prejudice she may pursue her claims by filing a new civil action if she chooses. Accordingly, it is

ORDERED that the Letter (Doc. No. 9) filed on May 13, 2010 is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied. It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. No. 8) filed on May 13, 2010 is denied as unnecessary.

DATED at Denver, Colorado, this  19th   day of   May  , 2010.

BY THE COURT:


   s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01265-ZLW

Colleen J. Priebe
980 Grant #401
Denver, CO 80203

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/21/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk